# EXHIBIT A

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------X
YIN HUNG, as Mother and Natural Guardian of A.J.,
an infant, and YIN HUNG, Individually,


                        Plaintiffs,

            - against -


MONTEFIORE MEDICAL CENTER, RASHA S. KHOURY, MD,
MARILENA PETTI, MD, BARRIE GAIL SUSKIN, MD, SUSAN
D. KLUGMAN, MD,  STEPHANIE WANG ZUO, MD,  ISMELY
FIORELLA MINAYA, MD,  ALBA VEGA, RN, ALEXA COHEN,
MD, ASHLESHA K. DAYAL, MD, HANNAH JANOOWALLA, MD,
SANDOLSAM CHA, MD, JUDITH EGWUOGU, RN, MADHURY
KHAN-ALI, MD,  MOONA ARABKHAZAELI, MD, NANCI
LEVINE, MD,  ZEIDA L. FLORES, PA, TAMMY R.
GRUENBERG, MD,  DEEPA M. NARASIMHULU, MD, SAILA
S. MONI, MD,  YERISSA DIAZ, R.N., and ROBERT J.
HIRSH, MD,

                        Defendants.
```

Index No.

Date Filed:

**COMPLAINT**

Plaintiffs through their attorneys, NGUYEN LEFTT, P.C., complaining of the defendants, respectfully allege as follows, upon information and belief that:

**AS AND FOR A FIRST CAUSE OF ACTION**

1. Plaintiff A.J. is a minor, having been born in 2017.[1]

2. At all times hereinafter mentioned, plaintiff YIN HUNG

---

[1] Confidential Personal Information has been omitted pursuant to 22 N.Y.C.R.R. § 202.5 (e), including dates of birth and full names of minors.

is an adult over the age of eighteen and is the Mother and Natural Guardian of A.J. and a resident of the County of the Bronx, City and State of New York.

2. This action is commenced within the appropriates statutory period, including any tolling provisions.

3. At all times hereinafter mentioned, defendant MONTEFIORE MEDICAL CENTER (hereafter "MONTEFIORE") is a not-for-profit corporation duly organized and existing by virtue of the laws of the State of New York.

4. Defendant MONTEFIORE employed all individual defendants named and unnamed herein, involved in the medical care and treatment of minor plaintiff.

5. At all times hereinafter mentioned, defendant MONTEFIORE, its agents, servants and/or employees owned a certain medical facility known as MONTEFIORE MEDICAL CENTER, located in the County of the Bronx, City and State of New York.

6. At all times hereinafter mentioned, defendant MONTEFIORE, its agents, servants and/or employees operated a certain medical facility known as MONTEFIORE MEDICAL CENTER, located in the County of the Bronx, City and State of New York.

7. At all times hereinafter mentioned, defendant MONTEFIORE, its agents, servants and/or employees maintained a certain medical facility known as MONTEFIORE MEDICAL CENTER, located in the County of the Bronx, City and State of New York

8. At all times hereinafter mentioned, defendant MONTEFIORE, its agents, servants and/or employees managed a certain medical facility known as MONTEFIORE MEDICAL CENTER, located in the County of the Bronx, City and State of New York.

9. At all times hereinafter mentioned, defendant MONTEFIORE, its agents, servants and/or employees controlled a certain medical facility known as MONTEFIORE MEDICAL CENTER, located in the County of the Bronx, City and State of New York.

10. At all times herein mentioned, defendant RASHA S. KHOURY, MD, ("KHOURY, MD") was a physician and specialist in fetal medicine duly licensed to practice medicine in the State of New York.

11. At all times herein mentioned, defendant MARILENA PETTI, MD ("PETTI, MD") was a physician duly licensed to practice medicine in the State of New York.

12. At all times herein mentioned, defendant BARRIE GAIL SUSKIN, MD, ("SUSKIN, MD") was a physician duly licensed to practice medicine in the State of New York.

13. At all times herein mentioned, defendant SUSAN D. KLUGMAN, MD, ("KLUGMAN, MD") was a physician duly licensed to practice medicine in the State of New York.

14. At all times hereinafter mentioned, defendant STEPHANIE WANG ZUO, MD, ("ZUO, MD") was a physician duly licensed to practice medicine in the State of New York.

15. At all times herein mentioned, defendant ISMELY FIORELLA MINAYA, MD, ("MINAYA, MD") was a physician duly licensed to practice medicine in the State of New York.

16. At all times hereinafter mentioned, defendant ALBA VEGA, RN ("VEGA, RN") was a registered nurse duly licensed to practice nursing in the State of New York.

17. At all times hereinafter mentioned, defendant ALEXA COHEN, MD ("COHEN, MD") was a physician duly licensed to practice medicine in the State of New York.

18. At all times hereinafter mentioned, defendant ASHLESHA K. DAYAL, MD ("DAYAL, MD") was a physician duly licensed to practice medicine in the State of New York.

19. At all times herein mentioned, defendant That at all times herein mentioned, defendant HANNAH JANOOWALLA, MD ("JANOOWALLA, MD") was a physician duly licensed to practice medicine in the State of New York.

20. At all times hereinafter mentioned, defendant SANDOLSAM CHA, MD, ("CHA, MD") was a physician duly licensed to practice medicine in the State of New York.

21. At all times hereinafter mentioned, defendant JUDITH EGWUOGU, RN ("EGWUOGU, RN") was a registered nurse duly licensed to practice nursing in the State of New York.

22. At all times hereinafter mentioned, defendant MADHURY KHAN-ALI, MD ("KHAN-ALI, MD") was a physician duly licensed to practice medicine in the State of New York.

23. At all times hereinafter mentioned, defendant MOONA ARABKHAZAELI, MD ("ARABKHAZAELI, MD") was a physician duly licensed to practice medicine in the State of New York.

24. At all times hereinafter mentioned, defendant NANCI LEVINE, MD, ("LEVINE, MD") was a physician duly licensed to practice medicine in the State of New York.

25. At all times hereinafter mentioned, defendant ZEIDA L. FLORES, PA ("FLORES, PA") was a physician assistant duly licensed in the State of New York.

26. At all times hereinafter mentioned, defendant TAMMY R. GRUENBERG, MD ("GRUENBERG, MD") was a physician duly licensed to practice medicine in the State of New York.

27. At all times hereinafter mentioned, defendant DEEPA M. NARASIMHULU, MD ("NARASIMHULU, MD") was a physician duly licensed to practice medicine in the State of New York.

28. At all times hereinafter mentioned, defendant SAILA S. MONI, MD ("MONI, MD") was a physician duly licensed to practice medicine in the State of New York.

29. At all times hereinafter mentioned, defendant YERISSA DIAZ, RN ("DIAZ, RN") was a registered nurse duly licensed to practice nursing in the State of New York.

30. At all times hereinafter mentioned, defendant ROBERT J. HIRSH, MD ("HIRSH, MD") was a physician duly licensed to practice medicine in the State of New York.

31. For an agreed compensation, defendants agreed and undertook to render professional, medical, and/or surgical care, aid, attention, procedures and treatment, faithfully, skillfully, diligently, carefully and in accordance with prudent and accepted standards of medical and surgical care, practices, procedures and techniques to the minor plaintiff A.J.

32. At all times hereinafter mentioned, defendants held themselves out to be competent to render medical and surgical treatment, advice, and diagnoses to the public in general and to minor plaintiff A.J. in particular.

33. Commencing on or about July 1, 2017 and continuing through follow up visits, including May 1, 2018 and possibly other dates unknown at this time, defendants, their agents, servants and/or employees, for a fee, provided medical care to A.J., minor plaintiff.

34. Defendants, their agents, servants and/or employees provided medical care to minor plaintiff, A.J. at a facility known as MONTEFIORE MEDICAL CENTER.

35. Defendants, their agents, servants and/or employees were required to perform their professional duties, activities and responsibilities assigned, committed and authorized in accordance with approved and accepted standards of practices, procedures, and techniques.

36. Commencing on or about July 1, 2017 to May 1, 2018, and possibly other dates unknown at this time, defendants, for a fee, provided clinic, medical office, surgical, hospital, emergency room, obstetrical, gynecological, medical services, nursing, physician assistant, and attendant services to minor plaintiff A.J.

37. During the aforesaid times and treatments, defendants, their agents, servants and/or employees departed from good and accepted and proper medical standards and practices in their treatment of minor plaintiff A.J. and were negligent and committed malpractice without any culpable conduct on the part of minor plaintiff or minor plaintiff's mother.

38. This action falls within one or more of the exceptions set forth in CPLR §§ 1600 through 1603.

39. As a result of the aforesaid negligence, malpractice and departures from accepted and proper medical standards and practices on the part of defendants, their agents, servants and/or employees, plaintiff was caused to and did sustain and suffer serious and severe permanent injuries and conscious pain and

suffering and had certain injuries, diseases and disabilities exacerbated, aggravated, precipitated and accelerated all to minor plaintiff's damage.

40. By reason of the foregoing, plaintiffs have been damaged in a sum of money in excess of the monetary jurisdiction of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the previous paragraphs of the complaint with the same force and effect as if fully set forth at length herein.

42. Defendants, their agents, servants, and/or employees failed to disclose all of the facts that a reasonable practitioner, under similar circumstances, would explain to a patient, minor plaintiff A.J., and/or minor plaintiff's mother, including the failure to disclose the risks and benefits of the contemplated procedures, the alternatives thereto, and the risks and benefits relating to the alternatives, and otherwise failed to properly, adequately and fully inform the patient, A.J., minor plaintiff and/or minor plaintiff's mother.

43. A reasonably prudent person in the position of plaintiffs would not have undergone the treatment/procedure if he or she had been fully informed, or would have chosen additional or different procedures and the lack of informed consent is a

11

proximate cause of the injuries and conditions for which recovery is sought.

44. By reason of the foregoing, plaintiffs have been damaged in a sum of money in excess of the monetary jurisdiction of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION

45. The plaintiffs repeat and reiterate each and every allegation contained in the heretofore mentioned paragraphs of this Complaint with the same force and effect as if herein fully set forth at length.

46. By reason of the foregoing, plaintiff YIN HUNG was deprived of the services and companionship of her child, minor plaintiff A.J., and has become obligated and will be obligated to expend sums of money for medical attention and medicines for the minor plaintiff's care and treatment all to her damage in a sum of money exceeding the monetary jurisdiction of all lower courts.

**WHEREFORE,** plaintiffs demand judgment against the defendants in a sum of money exceeding the monetary jurisdiction of all lower courts on the First, Second and Third causes of action together with costs and disbursements therein.

Dated: New York, New York
January 10, 2019

Yours, etc.

_____
NGUYEN LEFTT, P.C.
Andrew Leftt, Esq.
*Attorneys for Plaintiffs*
675 Third Avenue
25th floor
New York, New York  10017
(212) 256-1755